COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Fitzpatrick
Argued at Salem, Virginia


COURTNEY DARNELL BROADNAX
                                         OPINION BY
v.      Record No. 0225-96-3    JUDGE JOHANNA L. FITZPATRICK
                                         JUNE 3, 1997
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
               William N. Alexander, II, Judge

        W. Clarke Whitfield, Jr. (Turner, Haskins &
        Whitfield, P.L.C., on brief), for appellant.

        Michael T. Judge, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.


        On November 8, 1995, Courtney Darnell Broadnax (appellant),

a juvenile, was tried as an adult and convicted in the Circuit

Court of Pittsylvania County of malicious wounding, use of a

firearm while committing robbery, and robbery.  On appeal, he

argues that the trial court erred in finding that the juvenile

and domestic relations district court (juvenile court) had no

jurisdiction to hear his petitions because he had been certified

previously to stand trial as an adult.  He contends that because

he was not convicted on the earlier charge, Code § 16.1-271 did

not divest the juvenile court of its responsibility to conduct a

transfer hearing.  For the reasons that follow, we find no error

in the trial court's judgment, and we affirm.

## I.  BACKGROUND

        In 1994, appellant was charged with an unrelated robbery.

At that time, he was certified by the juvenile court to stand trial as an adult pursuant to Code § 16.1-269.1, and the matter was transferred to the circuit court. At trial, appellant was acquitted of this 1994 robbery charge.

On the evening of March 28, 1995, an altercation occurred between appellant and Alphonso Wilkerson (Wilkerson). While at the home of a mutual friend, appellant approached Wilkerson and attempted to sell him drugs. When Wilkerson refused, appellant demanded Wilkerson's money and assaulted him. A fight ensued. During their struggle, appellant and Wilkerson ended up in the kitchen, in front of the refrigerator. Appellant shot Wilkerson in the leg at close range. The bullet passed through Wilkerson's leg and through the refrigerator door. When Wilkerson fell to the floor, appellant stood over him and demanded his money at gunpoint. Wilkerson handed appellant all of his money. At the time of this incident, appellant was sixteen years old.

As a result of this event, appellant was charged on July 10, 1995, with robbery, malicious wounding, breaking and entering in the nighttime with intent to commit larceny while armed with a deadly weapon, and use of a firearm in the commission of a felony. These charges were brought initially by petition in the juvenile court.

On July 26, 1995, a transfer hearing was held in the juvenile court. At that time, the juvenile court found that it had no jurisdiction over appellant, because he had been

2

previously certified as an adult and transferred to the circuit court in 1994, on the unrelated robbery charge.  Appellant appealed the juvenile court's finding of no jurisdiction to the circuit court, arguing that the juvenile court's interpretation of Code § 16.1-271 wrongly divested appellant of a transfer hearing.  Appellant argued, in the alternative, that the first two paragraphs of Code § 16.1-271 are at odds with each other and should be strictly construed against the Commonwealth.

On August 22, 1995, the circuit court found that appellant was not entitled to a transfer hearing and stated:

> [T]he first paragraph of the statute says unequivocally that the trial or treatment of a juvenile as an adult shall preclude the [j]uvenile [c]ourt from taking jurisdiction, and that statute was amended in 1994 to leave out the word, not, so I have to conclude that the [l]egislature meant exactly what it said.  Then the question is, is whether that paragraph is inconsistent with the second paragraph which it seems to be on the first reading, and the second paragraph, of course, provides that a juvenile who is tried and convicted in a [c]ircuit [c]ourt as an adult, then shall be considered and treated as an adult thereafter for all purposes . . . .

> *    *    *    *    *    *    *

> . . . I [] conclude [] that the first paragraph was intentionally done.  It has got to be read as consistent[ly] as possible.  It is consistent with the second paragraph in that the first paragraph precludes the [j]uvenile [c]ourt from taking jurisdiction.  Then the second paragraph when read in that light would . . . be that after a juvenile has been convicted, has been transferred and convicted in the [c]ircuit [c]ourt, then any other proceedings which were then pending, regardless of whether they were antecedent or subsequent would then be transferred to the

[c]ircuit [c]ourt, and if you're going under
the first paragraph then if the defendant had
been transferred, then the [c]ourt loses
jurisdiction of any subsequent offenses, but
it does not lose jurisdiction of any other
offenses that might have been occurring at
the same time.  So, my ruling will be is that
the [c]ourt, the [j]uvenile [c]ourt did lose
jurisdiction.  It did not have jurisdiction
to conduct a transfer hearing or a probable
cause hearing, the probable cause hearing
being part of the transfer hearing, and as a
result now the [c]ourt had no jurisdiction to
do anything in this case whatsoever.

Following the court's ruling, new warrants were issued in
the general district court, which certified the charges to the
grand jury.  The grand jury indicted appellant on all four
charges.  At the bench trial in the circuit court on November 8,
1995, the court struck the breaking and entering charge,
convicted appellant of robbery, malicious wounding, and use of a
firearm in the commission of a felony, and sentenced him to serve
twenty-three years.

## II.  JURISDICTION UNDER CODE § 16.1-271

Appellant contends that the trial court erred in its
interpretation of Code § 16.1-271 and therefore improperly denied
appellant a transfer hearing.  Appellant argues that under Code
§ 16.1-271, before the juvenile court loses jurisdiction over a
juvenile in a criminal proceeding, the juvenile must have been
tried and convicted by the circuit court.  We disagree.

Code § 16.1-271 provides as follows:
The trial or treatment of a juvenile as
an adult pursuant to the provisions of this
chapter shall preclude the juvenile court
from taking jurisdiction of such juvenile for

4

subsequent offenses committed by that juvenile.

Any juvenile who is <u>tried and convicted</u> in a circuit court as an adult under the provisions of this article shall be considered and treated as an adult in any criminal proceeding resulting from any alleged future criminal acts and any disposed of by the juvenile court at the time of the criminal conviction.

All procedures and dispositions applicable to adults charged with such a criminal offense shall apply in such cases, including, but not limited to, arrest; probable cause determination by a magistrate or grand jury; the use of a warrant, summons, or capias instead of a petition to initiate the case; adult bail; preliminary hearing and right to counsel provisions; trial in a court having jurisdiction over adults; and trial and sentencing as an adult. <u>The provisions of this article regarding a transfer hearing shall not be applicable to such juveniles.</u>

(Emphasis added.) Prior to July 1, 1994, the first paragraph of Code § 16.1-271 provided that "[t]he trial or treatment of a juvenile as an adult . . . shall <u>not</u> preclude the [juvenile] court from taking jurisdiction of such juvenile for subsequent offenses committed by that juvenile." (Emphasis added.)[1]

We will "construe a statute to promote the end for which it was enacted, if such an interpretation can reasonably be made from the language used. Generally, the words and phrases used in a statute should be given their ordinary and usually accepted

---

[1] The Editor's Note following Code § 16.1-271 summarizes the amendment as follows: "The 1994 amendment . . . deleted 'not' preceding 'preclude' in the first paragraph, rewrote the second paragraph, and substituted 'this article' for '§ 16.1-269' in the second sentence of the third paragraph."

meaning unless a different intention is fairly manifest."

Woolfolk v. Commonwealth, 18 Va. App. 840, 847, 447 S.E.2d 530,
534 (1994) (citations omitted).  "The plain, obvious, and
rational meaning of a statute is always preferred to any curious,
narrow or strained construction . . . ."  Branch v. Commonwealth,
14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992).

    Additionally, we apply the following principle of statutory
construction when an amendment to a statute is clear and
unambiguous:

>"'While in the construction of statutes
>the constant endeavor of the courts is to
>ascertain and give effect to the intention of
>the legislature, that intention must be
>gathered from the words used, unless a
>literal construction would involve a manifest
>absurdity.  Where the legislature has used
>words of a plain and definite import the
>courts cannot put upon them a construction
>which amounts to holding the legislature did
>not mean what it has actually expressed.'"

Weinberg v. Given, 252 Va. 221, 225-26, 476 S.E.2d 502, 504
(1996) (quoting Barr v. Town & Country Properties, 240 Va. 292,
295, 396 S.E.2d 672, 674 (1990)) (citations omitted).  A
presumption normally arises that the legislature intends a
substantive change in the law when it adds a new provision to an
existing statute by an amendatory act.  See, e.g., Werres v.
Commonwealth, 19 Va. App. 744, 746, 454 S.E.2d 36, 37 (1995).

    Finally, we assume that the legislature's amendments to the
law are purposeful and not unnecessary.  See Cape Henry Towers,
Inc. v. National Gypsum Co., 229 Va. 596, 600-01, 331 S.E.2d 476,

6

479 (1985). We presume that the legislature acted with full knowledge of the law as it affected the subject matter. Id. It is our task to adopt a construction that gives import to the legislative purpose and the words used.

The intent and effect of the legislature's deletion of the word "not" in the first paragraph of Code § 16.1-271 by the 1994 amendment could not be clearer. The language indicates, without question, that the legislature intended this amendment to divest the juvenile court of jurisdiction over a juvenile once the juvenile has been previously tried or treated as an adult under this chapter. Further, the language is mandatory: The juvenile court "shall" be precluded from exercising jurisdiction of any "such juvenile for subsequent offenses committed by that juvenile." See Code § 16.1-271 (emphasis added). These provisions are not ambiguous, and must be given their plain, obvious, and rational meaning.

Additionally, the three paragraphs of Code § 16.1-271 are not necessarily inconsistent. The first paragraph specifically applies to "subsequent offenses." The second paragraph concerns the effect of a juvenile's conviction in circuit court as an adult with respect to any charges pending in the juvenile court at the time of conviction, regardless of whether the pending charge was prior to or subsequent to the charge upon which the juvenile was transferred, tried, and convicted as an adult. Finally, the third paragraph was not substantially changed by the

7

1994 amendment, and addresses the particular procedures that apply to a juvenile charged as an adult under this chapter.

To adopt a different construction would render the statute strained, ambiguous, illogical, and in contravention of the legislature's clear intent when it deleted the word "not" from the first paragraph. Prior to 1994, the treatment of a juvenile as an adult specifically did not prohibit the juvenile court from exercising jurisdiction on subsequent charges. However, the 1994 amendment intentionally altered that procedure and now precludes the juvenile court from exercising jurisdiction over a juvenile once the juvenile has been <u>tried or treated</u> as an adult on an earlier charge.

For the foregoing reasons, the judgment of the trial court is affirmed.

<u>Affirmed.</u>