COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Coleman and Frank
Argued at Salem, Virginia


JUMUNIK MONTEON FINNEY, S/K/A
 JUMINIK FINNEY
                                        MEMORANDUM OPINION[*] BY
v.    Record No. 2038-99-3             JUDGE SAM W. COLEMAN III
                                              MAY 2, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF HENRY COUNTY
                   David V. Williams, Judge

            Elwood Earl Sanders, Jr., Appellate Defender
            (S. Jane Chittom, Appellate Counsel; Public
            Defender Commission, on briefs), for
            appellant.

            Thomas M. McKenna, Assistant Attorney General
            (Mark L. Earley, Attorney General; Michael T.
            Judge, Assistant Attorney General, on brief),
            for appellee.


     Jumunik Monteon Finney, a juvenile, was convicted following

a jury trial in the Henry County Circuit Court of murder, use of

a firearm in the commission of murder, malicious wounding, and

use of a firearm in the commission of malicious wounding.

Finney pleaded guilty to possession of a firearm by a convicted

felon and possession of cocaine.  On appeal, Finney argues that

the trial court erred by denying his motion to dismiss the

---

     [*] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

indictments for lack of jurisdiction.  We disagree and affirm
the convictions.

## BACKGROUND

Prior to the charged offenses, Finney was certified by the
Juvenile and Domestic Relations District Court of the City of
Martinsville for trial as an adult on charges of rape and object
sexual penetration that allegedly occurred on January 15, 1997.
The charges, however, were dismissed before trial on motion by
the Commonwealth in October 1997.

On October 21, 1997, Finney was charged in Henry County
with breaking and entering, attempted forcible sodomy, object
sexual penetration, and assault and battery.  Finney pleaded
guilty to sexual battery in Henry County Circuit Court.

The instant offenses were committed on June 13 and 18,
1998.  Finney was indicted on October 5, 1998.  He filed a
motion to dismiss the indictments for lack of jurisdiction in
May 1998.

## ANALYSIS

Finney argues that the Henry County Circuit Court lacked
jurisdiction over the instant offenses because the juvenile court
did not comply with the mandatory notice requirements of Code
§§ 16.1-263 and 16.1-264 by failing to provide notice to his

- 2 -

father of the transfer hearing of the Martinsville juvenile proceedings in 1997.[1]

Code § 16.1-271 provides, in pertinent part, that "[t]he trial or treatment of a juvenile as an adult pursuant to the provisions of this chapter shall preclude the juvenile court from taking jurisdiction of such juvenile for subsequent offenses committed by that juvenile."  Code § 16.1-271; see also Broadnax v. Commonwealth, 24 Va. App. 808, 813-16, 485 S.E.2d 666, 668-69 (1997) (finding that Code § 16.1-271 divests the juvenile court of jurisdiction in subsequent proceedings even if the defendant was acquitted of the offense in the prior proceeding in circuit court).

Code § 16.1-263(A) states that "[a]fter a petition has been filed, the court shall direct the issuance of summonses . . . to the parents . . . ."[2]  In Moore v. Commonwealth, ___ Va. ___, ___ S.E.2d ___ (2000) (No. 990076), the Virginia Supreme Court held

---

[1] We decline to address Finney's contention that the failure to comply with the notice requirements of Code §§ 16.1-263 and 16.1-264 denied him due process, because Finney failed to raise this objection in the trial court.  See Rule 5A:18; see also Cottrell v. Commonwealth, 12 Va. App. 570, 574, 405 S.E.2d 438, 441 (1991) (Rule 5A:18 barred consideration of constitutional question not raised in trial court).

[2] In 1999, the General Assembly amended Code § 16.1-263 to provide that after a petition is filed alleging a juvenile felony or delinquent act, a summons shall be directed "to at least one parent," rather than to the "parents" as provided in the version in effect when the petition was filed against Finney.

that, in cases where the offense was committed on or after July 1, 1996, the notice requirements of Code §§ 16.1-263 and 16.1-264 are subject to waiver by virtue of Code § 16.1-269.1(E), which was enacted by the General Assembly in 1996, and any defect or error in the proceedings is cured if not raised before indictment. Code § 16.1-269.1(E) provides, in relevant part, that: "[a]n indictment in the circuit court cures any error or defect in any proceeding held in the juvenile court except with respect to the juvenile's age." The Supreme Court in Moore found that, although "the Commonwealth's failure to notify the defendant's biological father of the initiation of juvenile court proceedings . . . created a defect in those proceedings, . . . the defect was cured when the grand jury returned indictments against the defendant on the offenses certified to it by the juvenile court." ___ Va. at ___, ___ S.E.2d at ___. The curative statutory provision of Code § 16.1-269.1(E) allowed the circuit court to exercise its subject matter jurisdiction.

Here, because the instant offenses were committed after July 1, 1996, our decision is controlled by Code § 16.1-269.1(E) and by the Supreme Court's decision in Moore. Counsel for appellant conceded at oral argument that our decision is controlled by the Supreme Court's decision in Moore. Because Finney failed to raise the jurisdictional issue of lack of notice to his father in the Martinsville proceedings before the

- 4 -

indictments were returned in the circuit court in the instant case, failure to comply with the parental notification provisions of Code §§ 16.1-263 and 16.1-264 did not deprive the circuit court of jurisdiction in the instant case. Moreover, any attempt to collaterally attack the notice proceedings in the Martinsville proceedings similarly fails. Finney did not challenge the circuit court's jurisdiction or raise an objection to the proceedings based on lack of notice to his father in the juvenile court in Martinsville for those offenses which were also committed after July 1, 1996. Additionally, Finney did not challenge the circuit court's jurisdiction in the 1997 Henry Circuit Court proceedings in which he pleaded guilty to misdemeanor assault and battery.

Accordingly, we find that any failure to comply with the notification provisions of Code §§ 16.1-263 and 16.1-264 in the Martinsville proceedings did not deprive the Henry County Circuit Court of jurisdiction. We, therefore, affirm the convictions.

<u>Affirmed.</u>