COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Bumgardner and Humphreys
Argued at Richmond, Virginia


DION RANDOLPH WILLIS
                                              OPINION BY
v.    Record No. 2970-00-2          JUDGE RUDOLPH BUMGARDNER, III
                                           DECEMBER 18, 2001
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                 Robert W. Duling, Judge

        Gregory W. Franklin, Assistant Public
        Defender (Office of the Public Defender, on
        briefs), for appellant.

        Susan M. Harris, Assistant Attorney General
        (Randolph A. Beales, Acting Attorney General,
        on brief), for appellee.


     A jury convicted Dion Randolph Willis of first degree

murder and use of a firearm in the commission of a felony.  On

appeal, he contends the trial court (1) violated his statutory

right to a speedy trial and (2) erred in refusing to instruct on

second degree murder and voluntary manslaughter.  Finding no

error, we affirm.

     The defendant contends the trial court violated his

statutory right to a speedy trial when it tried him more than

five months after a preliminary hearing by the juvenile and

domestic relations district court.  The proceedings against the

defendant, a juvenile, began with his detention on juvenile

petitions charging murder and use of a firearm in the commission

of a felony.  The juvenile court found probable cause and transferred the charges to the circuit court where a grand jury indicted.  However, the defendant filed a motion entitled "Motion to Clarify Jurisdiction" asserting the circuit court lacked jurisdiction under Code § 16.1-271.[1]  That section provides that conviction as an adult in circuit court precludes a juvenile court from exercising jurisdiction over the juvenile for subsequent offenses.  See Broadnax v. Commonwealth, 24 Va. App. 808, 485 S.E.2d 666 (1997).  In this case, the circuit court had convicted the defendant as an adult of maiming in 1998.

Code § 16.1-269.6(C)[2] directs the circuit court to enter an order divesting the juvenile court of jurisdiction over future criminal acts upon convicting a juvenile as an adult.  The order

---

[1] Code § 16.1-271, entitled "Subsequent offenses by juvenile," provides in part:

> The trial . . . of a juvenile as an adult . . . shall preclude the juvenile court from taking jurisdiction of such juvenile for subsequent offenses committed by that juvenile.
> Any juvenile who is tried and convicted in a circuit court as an adult . . . shall be considered and treated as an adult in any criminal proceeding resulting from any alleged future criminal acts . . . .

[2] Once a juvenile is convicted as an adult, Code § 16.1-269.6(C) mandates "that the circuit court shall issue an order terminating the juvenile court's jurisdiction over that juvenile with respect to any [of his] future criminal acts . . . ."

-

of conviction in 1998 omitted that required provision, so the trial court entered an order nunc pro tunc to August 11, 1998, terminating jurisdiction by the juvenile court over the defendant. In a separate order, the circuit court remanded the charges pending against the defendant to the general district court for an expedited preliminary hearing.

Warrants charging murder and use of a firearm were issued. The general district court held a preliminary hearing and certified both charges on May 25, 2000, and a grand jury returned new indictments. The trial commenced within five months of that preliminary hearing but more than five months after the preliminary hearing on the juvenile petitions. The defendant was in custody continuously. The trial court overruled the defendant's motion to dismiss the indictments for violating his right to a speedy trial under Code § 19.2-243, and a jury convicted him of the charges.

Under Code § 16.1-271, once a juvenile is tried and convicted as an adult, the juvenile court is precluded from taking jurisdiction over the defendant regarding any alleged future criminal acts. This directive is mandatory. Broadnax, 24 Va. App. at 815, 485 S.E.2d at 669. The juvenile court never wielded jurisdiction over the defendant, and the circuit court could derive no jurisdiction from it.

The lack of jurisdiction in the juvenile court under Code § 16.1-271 is not dependent upon entry of an order as mandated

-

in Code § 16.1-269.6(C).  The failure to include the provision in the 1998 order was properly corrected by an order nunc pro tunc.  A circuit court has no discretion over the matter, and the action of the trial court accomplished a ministerial duty that corrected a clerical oversight.  Harris v. Commonwealth, 222 Va. 205, 209, 279 S.E.2d 395, 398 (1981).  The order entered nunc pro tunc properly corrected the record of the earlier proceeding.

The first indictments were without effect because the juvenile court lacked authority to certify the charges made in the original petitions.  The criminal warrants heard in the general district court supplanted the original charges, and the indictments returned on their certification supplanted the earlier indictments.  Brooks v. Peyton, 210 Va. 318, 322, 171 S.E.2d 243, 246 (1969).  The speedy trial period commenced with the preliminary hearing on the second indictments.  Code § 19.2-243.  The defendant's jury trial on September 18, 2000 commenced within the statutory period.

Next, we consider whether the trial court erred in refusing to instruct on second degree murder and voluntary manslaughter. We view the evidence in the light most favorable to the defendant's theory of the case.  Hunt v. Commonwealth, 25 Va. App. 395, 400, 488 S.E.2d 672, 674 (1997).  Only the Commonwealth presented evidence.

-

The defendant and the victim got into a scuffle over a bracelet during a party in an apartment.  The victim choked the defendant and threatened to kill him.  Two companions eventually broke up the unarmed fight.  After they did so, the victim made no more threats, did not go after the defendant, and went into the kitchen.  As the defendant left the apartment, he said that he would be back and, "I'm going to kill him."  One witness said the defendant was mad and "was like watch.  You know what I'm saying.  Boom, like that.  You know what I'm saying?"  The defendant went outside the building, retrieved a gun from a trashcan, and returned.  He shot the victim five times.

"The difference between murder in the first and second degree depends upon the intent of the accused at the time of the killing.  Every malicious homicide is murder.  If in addition the killing be wilful, deliberate, and premeditated, it is murder in the first degree."  Pannill v. Commonwealth, 185 Va. 244, 255, 38 S.E.2d 457, 463 (1946) (citation omitted).

The record contains no evidence that the defendant acted other than with premeditation and a deliberate intent to kill.  Friends broke up an unarmed tussle between the defendant and the victim.  The defendant announced that he would return and kill the victim.  He left, and once outside the apartment, he retrieved a gun and returned.  The defendant went to the kitchen and shot the victim repeatedly.  No evidence suggests the victim

-

was armed or had threatened the defendant immediately before the shooting.

A "defendant is not entitled to a lesser degree instruction solely because the case is one of murder." Clark v. Commonwealth, 220 Va. 201, 209, 257 S.E.2d 784, 789 (1979) (citation omitted). A second degree murder instruction is only appropriate where evidence supports it, and that evidence "must amount to more than a scintilla." Justus v. Commonwealth, 222 Va. 667, 678, 283 S.E.2d 905, 911 (1981) (citing Hatcher v. Commonwealth, 218 Va. 811, 814, 241 S.E.2d 756, 758 (1978)).

Heat of passion can reduce a homicide to voluntary manslaughter.

> "Malice aforethought" implies a mind under the sway of reason, whereas "passion" whilst it does not imply a dethronement of reason, yet is the furor brevis, which renders a man deaf to the voice of reason; so that, although the act was intentional of death, it was not the result of malignity of heart, but imputable to human infirmity. Passion and malice are, therefore, inconsistent motive powers, and hence an act which proceeds from the one, cannot also proceed from the other.

Hannah v. Commonwealth, 153 Va. 863, 870, 149 S.E. 419, 421 (1929).

The defendant announced his intention to return and kill the victim. He left, armed, and returned to consummate his stated intention. His actions were those of a rational person whose mind was under the control of reason. He announced his

-

intention and then proceeded to accomplish it.  The evidence reflects he had time to think; it does not indicate he felt provoked, shot without thinking, or killed in anger.  No evidence suggests the defendant was reasonably provoked or acted in the heat of passion.  Barrett v. Commonwealth, 231 Va. 102, 105-06, 341 S.E.2d 190, 192 (1986).

We conclude the trial court properly refused to instruct on second degree murder and voluntary manslaughter.  The uncontroverted evidence shows the defendant intended to kill, prepared to do so, and acted on his pronouncement.  His conduct shows willful, deliberate, and premeditated action under the control of reason.  A witness characterized the defendant as "mad" as was the defendant in Buchanan v. Commonwealth, 238 Va. 389, 384 S.E.2d 757 (1989).  As in that case, the evidence showing the murder "'to have been deliberate, premeditated and wilful could be so clear and uncontroverted that a trial court could properly refuse to instruct on the lesser included offenses.'"  Id. at 409, 384 S.E.2d at 769 (quoting Painter v. Commonwealth, 210 Va. 360, 366, 171 S.E.2d 166, 171 (1969)).

We conclude the trial court did not deny the defendant a speedy trial or err in instructing the jury.  Accordingly, we affirm the defendant's convictions.

Affirmed.

-