COURT OF APPEALS OF VIRGINIA


Present:  Judges Felton, Kelsey and Senior Judge Willis
Argued at Richmond, Virginia


HERMAN OPENZO COOK

MEMORANDUM OPINION[*] BY
v.    Record No. 1968-02-2      JUDGE JERE M. H. WILLIS
                                   JULY 1, 2003
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CITY OF RICHMOND
Robert W. Duling, Judge Designate

Matthew T. Paulk (Blackburn, Conte, Schilling
& Click, P.C., on brief), for appellant.

Michael T. Judge, Assistant Attorney General
(Jerry W. Kilgore, Attorney General, on
brief), for appellee.


Herman Openzo Cook appeals his convictions of attempted

first-degree murder, use of a firearm in the commission of

attempted murder, robbery, and use of a firearm in the commission

of robbery.  He contends:  (1) that the trial court lacked

jurisdiction to try him as an adult because he was not afforded a

preliminary or transfer hearing in the juvenile and domestic

relations district court as required by Code § 16.1-269.1; and

(2) that the evidence was insufficient to support his convictions

of attempted first-degree murder and use of a firearm in the

commission thereof.  Because the trial court had jurisdiction to

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

try Cook as an adult and the evidence supports his convictions, we affirm the judgment of the trial court.

## BACKGROUND

In October, 2000, the Commonwealth filed in the juvenile and domestic district court three petitions charging Cook, a juvenile, with robbery and aggravated malicious wounding. The juvenile court certified the charges to the grand jury pursuant to Code § 16.1-269.1(C). Cook was indicted by the grand jury. However, on April 13, 2001, the circuit court entered a nolle prosequi on the indictments. Although the Commonwealth could have reinstated the charges by subsequent indictment, Code § 16.1-269(E), it did not do so.

On September 20, 2001, petitions were filed in the juvenile and domestic relations district court charging Cook with the instant offenses, alleged to have been committed on September 11, 2001, while he was seventeen years of age. Noting Cook's previous certification and indictment for prosecution as an adult, the juvenile court transferred the charges to the general district court pursuant to Code § 16.1-271. The general district court certified the charges to the grand jury, which indicted Cook. The circuit court convicted him on each indictment. Those convictions are the subject of this appeal.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v.

-

Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted). "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

So viewed, the evidence disclosed that on September 11, 2001, Quinton Montague was walking with Beverly Pinkney and another friend toward his truck when he noticed that one of the windows of the truck had been broken. He ran ahead of his friends to investigate. While standing next to his truck, he heard gunshots and dropped to the ground. Pinkney ran to the other side of the parking lot. She saw Cook, whom she recognized from the neighborhood, climb on top of the truck and fire his weapon downward at Montague.

When the shooting stopped, Montague and Pinkney ran to a nearby apartment building and began knocking at a friend's door. While they were in the apartment building corridor, Cook, with his gun drawn, confronted Montague and demanded everything in his pocket. Montague gave Cook $3,000. Montague also recognized Cook from the neighborhood.

## ANALYSIS

### Circuit Court Jurisdiction

Cook contends that because the previously certified charges against him ended with a nolle prosequi, he should have been

-

proceeded against as a juvenile and was entitled to another proceeding pursuant to Code § 16.1-269.1(C) in the juvenile and domestic relations district court.  Because he was denied this, he asserts, the trial court did not acquire jurisdiction to try him as an adult.

Code § 16.1-271 provides, in pertinent part:

> The trial or treatment of a juvenile as an adult pursuant to the provisions of this chapter shall preclude the juvenile court from taking jurisdiction of such juvenile for subsequent offenses committed by that juvenile.

> Any juvenile who is tried and convicted in a circuit court as an adult under the provisions of this article shall be considered and treated as an adult in any criminal proceeding resulting from any alleged future criminal acts and any pending allegations of delinquency which have not been disposed of by the juvenile court at the time of the criminal conviction.

Cook argues, first, that the second paragraph of the statute sets forth the circumstances under which a circuit court disposition commits a juvenile to adult status and treatment with respect to future misconduct.  He argues, second, that even if the first paragraph of the statute controls, the nolle prosequi entered in his earlier case rendered that proceeding a nullity, which did not constitute his "treatment" as an adult.

The first paragraph of Code § 16.1-271 operates only with respect to offenses subsequent to the trial or treatment of the juvenile as an adult.  The second paragraph addresses not only

-

alleged future criminal acts, but also unconcluded "pending allegations of delinquency." Id. (Emphasis added.) This case involves only the first paragraph. Thus, we are concerned only with whether Cook's earlier prosecution constituted trial or treatment as an adult. He was not tried, so our inquiry focuses on whether he was "treated" as an adult. We conclude that he was.

"'Generally, the words and phrases used in a statute should be given their ordinary and usually accepted meaning unless a different intention is fairly manifest.' 'The plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or strained construction . . . .'" Broadnax v. Commonwealth, 24 Va. App. 808, 814, 485 S.E.2d 666, 668 (1997) (citations omitted).

"Prior to July 1, 1994, the first paragraph of Code § 16.1-271 provided that '[t]he trial or treatment of a juvenile as an adult . . . shall not preclude the [juvenile] court from taking jurisdiction of such juvenile for subsequent offenses committed by that juvenile.'" Id. at 813, 485 S.E.2d at 668 (footnote omitted). "A presumption normally arises that the legislature intended a substantive change in the law when it adds a new provision to an existing statute by amendatory act." Id. at 814, 485 S.E.2d at 669 (citation omitted).

> The intent and effect of the legislature's
> deletion of the word "not" in the first
> paragraph of Code § 16.1-271 by the 1994

-

amendment could not be clearer.  The
language indicates, without question, that
the legislature intended this amendment to
divest the juvenile court of jurisdiction
over a juvenile once the juvenile has been
previously tried or treated as an adult
under this chapter.  Further, the language
is mandatory . . . .  These provisions are
not ambiguous, and must be given their
plain, obvious, and rational meaning.

Id. at 815, 485 S.E.2d at 669 (citation omitted)(emphasis

deleted in part).

[T]he statute[] clearly reveal[s] the
legislature's intent that the event that
requires all future actions involving the
certified juvenile to commence as an adult
is triggered by the probable cause finding
and certification on the . . . felonies, not
the ultimate finding at trial.  Any juvenile
"tried or treated" in the circuit court is
removed from the juvenile justice system and
must be considered and treated as an adult
in any future criminal proceedings,
irrespective of that trial's outcome.

Hughes v. Commonwealth, 39 Va. App. 448, 461, 573 S.E.2d 324,

330 (2002) (citation omitted).

We have held that when "'the trial court enters a nolle

prosequi of [an] indictment, it lays "to rest that indictment

and the underlying warrant without disposition, as though they

had never existed."'"  Kenyon v. Commonwealth, 37 Va. App. 668,

675, 561 S.E.2d 17, 20 (2002)(citation omitted).  "As though"

means "just as if."  This concept has meaning only when

considered in recognition that the proceeding did, in fact,

occur.  The bare fact that a nol prossed indictment has no

ongoing validity or effect does not alter the fact that the indictment and its underlying process occurred.

Cook's certification in 2000 pursuant to Code § 16.1-269.1(C) established his status as an adult for jurisdictional purposes. He was then treated as an adult by the circuit court, where he was indicted and arraigned. Although those charges were terminated by nolle prosequi, he was nonetheless during the pendency of those proceedings treated as an adult, which status continued pursuant to Code § 16.1-271. The juvenile court was precluded from exercising jurisdiction over him with respect to the charges embraced in this appeal, and the trial court properly acquired jurisdiction.

### SUFFICIENCY OF THE EVIDENCE

Cook argues that the evidence was insufficient to prove he intended to kill Montague.

> To prove the crime of attempted murder two essential elements must be established. The specific intent to kill the victim must be shown and this must be coupled with evidence of some overt but ineffectual act in furtherance of this purpose. The use of a deadly weapon, standing alone, is not sufficient to prove the specific intent required to establish attempted murder.

Hargrave v. Commonwealth, 214 Va. 436, 437, 201 S.E.2d 597, 598 (1974) (citation omitted) (emphasis added). "The necessary intent is the intent in fact, as distinguished from an intent in law. Intent in fact is the purpose formed in a person's mind

-

which may be shown by his conduct."  Epps v. Commonwealth, 216 Va. 150, 156, 216 S.E.2d 64, 69 (1975) (citations omitted).

Pinkney testified she saw Cook climb atop Montague's truck and repeatedly fire his weapon toward Montague, who was on the ground trying to shield himself with the truck.  This conduct was sufficient to prove Cook's requisite intent to kill Montague.  Therefore, the evidence was sufficient to support the convictions of attempted murder and use of a firearm in the commission of attempted murder.

The judgment of the trial court is affirmed.

Affirmed.