COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Elder and Kelsey
Argued at Salem, Virginia


CHRIS BRUSANT SMITH

                                                    MEMORANDUM OPINION* BY
v.        Record No. 2992-02-3              JUDGE D. ARTHUR KELSEY
                                                         MAY 4, 2004
COMMONWEALTH OF VIRGINIA



FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
Mosby G. Perrow, III, Judge

Craig P. Tiller (Freeman, Dunn, Alexander, Yeatts & Tiller, P.C., on
briefs), for appellant.

Amy L. Marshall, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


A jury found Chris Brusant Smith guilty of maliciously shooting at or into an occupied

vehicle in violation of Code § 18.2-154. The trial court, Smith contends, committed reversible

error by not giving his proffered heat-of-passion jury instruction. We disagree and affirm

Smith's conviction.

I.

Michael Mosley walked from his home to a neighborhood convenience store after getting

home from work late one evening. Smith and his friend, Shawn Hay, arrived at the store just as

Mosley had finished his shopping. Both Smith and Hay noticed Mosley's blue leather jacket.

Smith told Hay "if you give me a beer, I'll get you the jacket." Hay laughed and handed Smith a

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

beer.  Smith and Hay then met a third man, Amos Morris, and after a few minutes all three men left the store together.

Down the street from the store, Hay, Smith, and Morris noticed that the front light was on at an apartment occupied by Hay's friend.  The three men stopped by to visit the friend, Juanita Marshall, who happened to share half of a duplex with Mosley and his mother.  As Marshall talked with the men, a car driven by Mosley's friend Chad Hudson pulled up and parked in front of Mosley's house.  Hudson exited his vehicle and began approaching Mosley's house when Mosley, dressed in his blue leather jacket, exited his residence.  "There goes the dude right there," Smith told Hay upon seeing Mosley.  Smith pulled a handgun from his jacket pocket and walked towards Mosley.  Hay followed.

As Mosley was sitting down in the front seat of Hudson's car, Smith attacked Mosley and demanded that he hand over his jacket and money.  Mosley fought back as best he could, but Smith managed to get the jacket off of him.  While Mosley clutched the jacket in defiance, Smith climbed off of Mosley and shot him at close range.  Even after shooting Mosley, Smith "still kept beating him" and "kicked Mike Mosley in the back."  The whole ordeal, one witness said, took about five to eight minutes.  Smith then ran away with Mosley's jacket and wallet.  Mosley died from the gunshot wound.

A grand jury indicted Smith for robbery, illegal use of a firearm, malicious shooting at or into an occupied vehicle, and first-degree murder.  At trial, Smith proffered a jury instruction that defined "heat of passion" and distinguished it from malice.  The trial judge refused the instruction and instead used a general definition of malice, omitting any discussion of heat-of-passion principles.

The jury found Smith guilty of robbery, illegal use of a firearm, malicious shooting at or into an occupied vehicle, and first-degree murder under a felony murder instruction. The jury recommended, and the trial court imposed, a 118-year penitentiary sentence.

II.

On appeal, Smith argues that the proffered heat-of-passion instruction should have been given on the charge of maliciously shooting at or into an occupied vehicle.[1] We disagree.

Instructions should educate the jury "on all principles of law applicable to the pleadings and the evidence." Mouberry v. Commonwealth, 39 Va. App. 576, 582, 575 S.E.2d 567, 569 (2003) (citations omitted). A trial court must give an instruction if supported by "more than a scintilla of evidence." Rhodes v. Commonwealth, 41 Va. App. 195, 200, 583 S.E.2d 773, 775 (2003) (citing Commonwealth v. Donkor, 256 Va. 443, 445, 507 S.E.2d 75, 76 (1998)). An "independent prerequisite" for any jury instruction, the scintilla test asks whether a factfinder could "rationally" accept the position advocated by the instruction's proponent. Carter v. United States, 530 U.S. 255, 261 n.3 (2000) (quoting Schmuck v. United States, 489 U.S. 705, 716 n.8 (1989)) (internal quotation marks omitted). We answer that question while reviewing the record in the light most favorable to the proponent. Esteban v. Commonwealth, 266 Va. 605, 607, 587 S.E.2d 523, 525 (2003).

Heat of passion negates malice only when some "reasonable provocation" creates a "*furor brevis* which renders a man deaf to the voice of reason." Rhodes, 41 Va. App. at 200-01,

---

[1] Smith also sought review of other aspects of his other convictions. We granted the petition for appeal, however, only on Question Presented VIII, which reads: "Whether the trial court erred in refusing appellant's tendered instruction J defining malice and explaining that heat of passion excludes malice where the trial court overruled the motion to strike Count 9 alleging a violation of Section 18.2-154 of the Code, of which malice is an element?" We thus limit our analysis to this issue. See Parker v. Commonwealth, 42 Va. App. 358, 373, 592 S.E.2d 358, 366 (2004) (recognizing that we will only consider "those arguments presented in the petition for appeal and granted by this Court").

583 S.E.2d at 775-76 (quoting Caudill v. Commonwealth, 27 Va. App. 81, 85, 497 S.E.2d 513, 514-15 (1998)). The provocation must be objectively reasonable under the circumstances. See Stewart v. Commonwealth, 245 Va. 222, 240, 427 S.E.2d 394, 406 (1993); Willis v. Commonwealth, 37 Va. App. 224, 231, 556 S.E.2d 60, 64 (2001); Robertson v. Commonwealth, 31 Va. App. 814, 823, 525 S.E.2d 640, 645 (2000) ("In order to determine whether the accused acted in the heat of passion, it is necessary to consider the nature and degree of provocation as well as the manner in which it was resisted." (quoting Miller v. Commonwealth, 5 Va. App. 22, 25, 359 S.E.2d 841, 842 (1987))). The "victim of the crime" must be the provoker, Arnold v. Commonwealth, 37 Va. App. 781, 789, 560 S.E.2d 915, 919 (2002), and there must be a "simultaneous occurrence" of both provocation and passion, Graham v. Commonwealth, 31 Va. App. 662, 671, 525 S.E.2d 567, 571 (2000) (citing Canipe v. Commonwealth, 25 Va. App. 629, 643, 491 S.E.2d 747, 753 (1997)).

In this case, the trial court correctly ruled that the heat-of-passion instruction could not be given even under Smith's version of the facts.[2] No rational factfinder could find that Mosley, a victim of an armed robbery, did anything that — objectively speaking — could be said to have *reasonably* provoked Smith to shoot him. At most, the evidence showed only that Mosley attempted to defend himself and refused to turn over his leather jacket to Smith. Cf. Humphrey v. Commonwealth, 37 Va. App. 36, 49, 553 S.E.2d 546, 552 (2001) ("A person who reasonably

---

[2] The absence of Smith's heat-of-passion instruction had no impact on his robbery, illegal use of a firearm, or felony murder convictions. Malice is not an element of the robbery or firearm charges. As for felony murder, "the malice intrinsic in the commission of one of the predicate felonies 'provides the malice prerequisite to a finding that the homicide was murder.'" Dalo v. Commonwealth, 37 Va. App. 156, 167, 554 S.E.2d 705, 710 (2001), (quoting Wooden v. Commonwealth, 222 Va. 758, 762, 284 S.E.2d 811, 814 (1981)), aff'd, 264 Va. 431, 570 S.E.2d 840 (2002), cert. denied, 538 U.S. 924 (2003); see also Commonwealth v. Montague, 260 Va. 697, 700, 536 S.E.2d 910, 912 (2000); Cotton v. Commonwealth, 35 Va. App. 511, 515, 546 S.E.2d 241, 243 (2001).

apprehends [imminent] bodily harm by another is privileged to exercise reasonable force to repel the assault." (quoting Diffendal v. Commonwealth, 8 Va. App. 417, 421, 382 S.E.2d 24, 25 (1989))); Connell v. Commonwealth, 34 Va. App. 429, 439, 542 S.E.2d 49, 54 (2001) ("One who is assaulted may and usually does defend himself, the ensuing struggle cannot be accurately described as a mutual combat.").

As the Virginia Supreme Court has explained, a "man cannot go a-gunning for an adversary and kill him on the first appearance of resistance, and rely upon the necessity of the killing as an excuse therefor." Jordan v. Commonwealth, 219 Va. 852, 855-56, 252 S.E.2d 323, 325 (1979) (quoting Sims v. Commonwealth, 134 Va. 736, 760, 115 S.E. 382, 390 (1922)) (internal quotation marks omitted). For similar reasons, an armed robber cannot attack a victim and then claim the victim's resistance *reasonably* provoked the robber to kill him. As a matter of law, the heat-of-passion doctrine simply does not go that far.

Because the trial court did not err in refusing the heat-of-passion instruction proffered by Smith, we affirm his conviction.

Affirmed.