COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Alston and Senior Judge Bumgardner
Argued at Chesapeake, Virginia

UNPUBLISHED

CAROL L. BROOKS

                                          MEMORANDUM OPINION[*] BY
v.        Record No. 0106-12-1          JUDGE RUDOLPH BUMGARDNER, III
                                              DECEMBER 11, 2012

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
James A. Cales, Jr., Judge

Gregory K. Matthews (Office of the Public Defender, on brief), for
appellant.

(Kennth T. Cuccinelli, II, Attorney General; Victoria Johnson,
Assistant Attorney General, on brief), for appellee.


Carol L. Brooks appeals her conviction of malicious wounding.  She maintains the trial

court erred by refusing jury instructions on self-defense, heat of passion, and the burden of proving

self-defense.  We conclude the record contains evidence in support of the defenses she asserted, and

the trial court erred by refusing to instruct on them.  Accordingly, we reverse.

Barbara Cummings, the victim, received a four-inch cut on her cheek that ran from her ear

to her jaw, which required seventeen stitches, and left a permanent scar.  The Commonwealth

maintained the defendant deliberately slashed the victim with a knife which was attached to her key

chain and with which the defendant admitted hitting the victim.

The incident began as a dispute between the defendant's mother, Carolyn Brooks, and the

victim.  When Carolyn Brooks arrived home about 11:00 p.m., she found the victim visiting her

boyfriend, Ronald Jones, who was Carolyn Brooks' nephew and lived with her.  Carolyn Brooks

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

suspected the victim was using drugs with Jones and ordered them to leave the house. Walking down the hall, the two women argued, and Carolyn Brooks struck the victim with her cane. Once outside the house, the victim shouted threats and threw things at the house. Carolyn Brooks called family members including her daughter, the defendant, and had them take her to the magistrate to get a warrant. When the group returned, the victim was on the neighbor's porch, and the argument renewed.

The Commonwealth's evidence showed that when the defendant arrived at her mother's house, she went over to the victim, and they began to argue. They were on the neighbor's front steps with Jones standing in between to keep them separated. Suddenly, the defendant reached past Jones and struck the victim. The victim denied making any threatening motions or trying to strike or kick the defendant.

The defendant's evidence showed that when the family members arrived at her mother's house, after obtaining a warrant, the victim came from the neighbor's yard carrying a stick or board that had a nail in it. The defendant told her mother to get into her house. Carolyn Brooks went inside and called the police. The argument continued outside between the defendant and the victim. Atren Watson, the defendant's boyfriend, testified that the victim swung a stick with a nail in it at the defendant before the defendant swung back "to defend herself." Darius Brooks, the defendant's son, testified the victim attempted to kick or punch his mother and threw the first punch. The defendant's statement to police, which the Commonwealth presented as evidence, stated that the victim had "tried to kick me, so I reached across him [Jones] and hit her with my key chain with keys, pocket knife, and key holder."

The defendant requested the jury be instructed on self-defense, but the trial court ruled it did not apply. The trial judge stated, "And you might as well set your self-defense one aside that you indicated in your question that you might have, because I don't think it applies." The trial judge

explained, "In fact, your key evidence was that she didn't do it. The nail in the board cut her, so I really don't think this is a self-defense case."

While the jury deliberated, the defendant tendered Instruction B,[1] which was the model instruction on self-defense without fault. She also requested Instruction A,[2] which included the definition of malice that the trial court did give, but added the second paragraph of the model instruction that also defined and distinguished heat of passion. Finally, the defendant tendered Instruction C,[3] which explained the defense did not have to prove self-defense beyond a reasonable

---

[1]    If you believe from the evidence that the defendant was without fault in provoking or bringing on the difficulty, and that the defendant reasonably feared, under the circumstances as they appeared to her, that she was in danger of harm, then the defendant had the right to use such force as was reasonably necessary to protect herself from the threatened harm. If you further believe that the defendant used no more force that [sic] was reasonably necessary to protect herself from the threatened harm, then you shall find the defendant not guilty.

[2]    Malice is that state of mind which results in the intentional doing of a wrongful act to another without legal excuse or justification, at a time when the mind of the actor is under the control of reason. Malice may result from any unlawful or unjustifiable motive including anger, hatred or revenge. Malice may be inferred from any deliberate, willful, and cruel act against another, however sudden.
       Heat of passion excludes malice when that heat of passion arises from provocation that reasonably produces an emotional state of mind such as hot blood, rage, anger, resentment, terror or fear so as to cause one to act on impulse without conscious reflection. Heat of passion must be determined from circumstances as they appeared to defendant, but those circumstances must be such as would have aroused heat of passion in a reasonable person.

[3]    The defendant has claimed self defense or defense of another. To show self-defense or defense of another, the defendant need not prove the claim beyond a reasonable doubt, but need only show enough evidence to raise a reasonable doubt as to whether the Commonwealth has proved every element of their case.

doubt, but only had to raise a reasonable doubt whether the Commonwealth had proved every element of the crime.[4]

When reviewing a trial court's denial of proffered jury instructions, an appellate court considers the evidence in the light most favorable to the proponent of the jury instruction. Foster v. Commonwealth, 13 Va. App. 380, 383, 412 S.E.2d 198, 200 (1991). "'[I]f there is evidence in the record to support the defendant's theory of defense, the trial judge may not refuse to grant a proper, proffered instruction.'" Id. (citation omitted). It is "well-established . . . that, as with any proffered instruction that is otherwise a correct statement of law, an instruction on the defense of self-defense 'is proper . . . if supported by more than a scintilla of evidence' and 'it is not error to refuse an instruction when there is *no evidence* to support it.'" Commonwealth v. Cary, 271 Va. 87, 100, 623 S.E.2d 906, 913 (2006) (citation omitted).

The defense evidence supported defendant's theory that the victim advanced on the defendant, kicked and swung at her, and then the defendant reacted by striking the victim. It was in the jury's province to decide the credibility of the defense witnesses and, if believed, the reasonableness of the force against the victim's actions.

Although the trial court indicated it thought the defendant's theory was that the board with the nail caused the wound to the victim's face, it was clear that the defense was presenting evidence of self-defense. The Commonwealth's argument that the defendant was not without fault, because she approached the victim, or at best the evidence showed mutual combat, does not take the evidence in the light most favorable to the defendant as the proponent of the instructions.

The defendant also sought to have the jury instructed on heat of passion.

---

[4] As tendered, Instruction C addressed the burden of proving both self-defense and defense of others. The appeal was not granted on the issue of defense of others. The assignment of error is limited to "that portion of Instruction C dealing with self-defense."

Heat of passion is determined by the nature and degree of the provocation and may be founded upon rage, fear, or a combination of both. Malice and heat of passion are mutually exclusive; malice excludes passion, and passion presupposes the absence of malice.

A plea of self-defense and a claim of provoked heat of passion do not conflict with each other.

Barrett v. Commonwealth, 231 Va. 102, 106, 341 S.E.2d 190, 192 (1986) (citations omitted).

If an accused who had done the same conduct with the same mental state and had killed the victim would have committed murder, he has committed malicious wounding or malicious bodily injury; if the same conduct done with the same mental state killing the victim would have been voluntary manslaughter, it is unlawful wounding or unlawful bodily injury.

Ronald J. Bacigal, Criminal Offenses & Defenses in Virginia 48 (2010-11 ed.).

Common law defined manslaughter as the "unlawful killing of another" without malice. William Blackstone, Commentaries on the Laws of England ch. 14, at 191 (1769). "Voluntary manslaughter may be found upon evidence that an intentional, non-malicious homicide occurred in sudden mutual combat or as a result of heat of passion induced by reasonable provocation. This is the customary language of the Virginia cases from early times." John L. Costello, Virginia Criminal Law & Procedure § 3.6-1, at 64-65 (3d ed. 2002). Unlike murder, which requires malice, voluntary manslaughter arises not out of "malignity of heart" but from a lack of self-control "imputable to human infirmity." Willis v. Commonwealth, 37 Va. App. 224, 231, 556 S.E.2d 60, 64 (2001) (quoting Hannah v. Commonwealth, 153 Va. 863, 870, 149 S.E. 419, 421 (1929)).

The *furor brevis* of voluntary manslaughter can include "fear" of harm as well as rage. McClung v. Commonwealth, 215 Va. 654, 657, 212 S.E.2d 290, 292 (1975). As Professor Bacigal explains: "Fear is another emotion that can reduce what would otherwise be murder to voluntary manslaughter. If fear was adequately and in fact provoked, but is insufficient for self defense, the resultant killing is voluntary manslaughter." Ronald J. Bacigal, Criminal Offenses & Defenses in Virginia 358 (2007-08 ed.). "Thus it seems the fearful killer is a manslaughterer when his fear is produced by facts insufficient to make him a self-defender, *e.g.*, the deadly response was unnecessary or the fear was unreasonable." Id. at 358-59.

Couture v. Commonwealth, 51 Va. App. 239, 249-50, 656 S.E.2d 425, 430 (2008) (footnotes omitted).

Again, viewing the evidence in the light most favorable to the defendant, the witnesses testified the victim advanced toward the defendant renewing the earlier argument. She carried a board with a nail in it. If the jury credited the defense witnesses, it could have determined that defendant's actions were based on fear and anger, in response to the victim's kicking and swinging the board at her, rather than on premeditated deliberation to maliciously wound. Although the given instructions properly defined malice, the defendant was nevertheless entitled to have heat of passion defined in support of her theory of defense.

> Both the Commonwealth and the defendant are entitled to appropriate jury instructions on the law applicable to their version of the case. See Banner v. Commonwealth, 204 Va. 640, 645-46, 133 S.E.2d 305, 309 (1963). When evidence exists in the record to support the defendant's theory of defense, the trial judge may not refuse to grant a proper, proffered instruction. See Painter v. Commonwealth, 210 Va. 360, 365, 171 S.E.2d 166, 170-71 (1969); Delacruz v. Commonwealth, 11 Va. App. 335, 338, 398 S.E.2d 103, 105 (1990). "[W]here evidence tends to sustain both the prosecution's and the defense's theory of the case, the trial judge is required to give requested instructions covering both theories." Diffendal v. Commonwealth, 8 Va. App. 417, 422, 382 S.E.2d 24, 26 (1989).

Byers v. Commonwealth, 37 Va. App. 174, 181-82, 554 S.E.2d 714, 717 (2001).

There was evidence in support of the self-defense and heat of passion defenses, and the trial court erred in refusing to instruct on them. Accordingly, the judgment of the trial court is reversed and the case remanded for a new trial, if the Commonwealth be so advised.

Reversed and remanded.