Cabell, P.
delivered the opinion of the Court.
The Court is of opinion, that it is competent to a creditor of an absent debtor, who is one of the heirs and distributees of a deceased intestate in this Commonwealth, to go into a Court of Equity, for the purpose of having a division and distribution of tho estate of the decedent, and of procuring payment of his debt, out of the share of the absent debtor, in the said estate.
The Court is farther of opinion, that in the settlement and division of the estate of Isaac Moore deceased, the absent defendant Jacob Moore, one of tho heirs and distributees of the said Isaac, was properly chargeable with the sum of 1600 dollars, as having been advanced to him by his father the said Isaac, in his lifetime, in addition to the sum of 400 dollars, with which he was charged by the Court below, as having been so advanced, and that the said Court erred in not charging him with the said sum of 1600 dollars, in addition to the said sum of 400 dollars.
The Court is farther of opinion, that although the decree of the 24th of June 1840, on the bill of review, correctly rescinded so much of the original decree, as di *144 rected James J. Moore, administrator of Isaac Moore, deceased, to pay to the plaintiff White, the amount of his demand, yet it was erroneous to do so, at the costs of the said James J. Moore. On the contrary, having been compelled to resort to the bill of review for the purpose of relieving himself from the error of the original decree, he ought to have recovered his costs.
So much of the said decree of the 24th of June 1840, and of the final decree, as is in conflict with the principles above declared, is therefore reversed; and the cause is remanded to be farther proceeded in to a final decree, pursuant to those principles.