COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, Kelsey and Alston
Argued at Alexandria, Virginia


TYRONE KEITH DUGGINS                                    OPINION BY
                                                JUDGE D. ARTHUR KELSEY
v.       Record No. 2200-10-4                         MARCH 20, 2012

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Bruce D. White, Judge[1]

        Lauren Whitley (Office of the Public Defender, on
        briefs), for appellant.

        Leah A. Darron, Senior Assistant Attorney General
        (Kenneth T. Cuccinelli, II, Attorney General, on brief),
        for appellee.


        A jury found Tyrone Keith Duggins guilty of two counts of fraudulent use of a credit

card.  See Code § 18.2-195.  On appeal, Duggins claims his convictions should be overturned

because the trial court — in a prior proceeding — erroneously allowed the Commonwealth to

*nolle prosequi* indictments alleging identical charges.  Because these charges should not have

been dismissed without prejudice in the prior proceeding, Duggins reasons, the new indictments

alleging the same charges in the later proceeding should have been dismissed with prejudice.

We disagree and affirm.

I.

        In September 2009, a grand jury indicted Duggins alleging two counts of credit card

fraud.  Shortly before trial, the prosecutor requested a continuance.  He explained a cooperating

_____

        [1] Judge Bruce D. White presided over the jury trial and entered the final conviction order.
Judge Jan L. Brodie entered the orders denying the motion to dismiss.

witness with relevant documents had agreed to appear at trial and was willing to accept a subpoena served by telefax. The prosecutor said he telefaxed the subpoena, but the witness later claimed she never received it and stated she would not appear at trial or produce the documents absent a properly served subpoena *duces tecum*. The trial court denied the continuance motion.

Because of the witness's last-minute retraction, the prosecutor moved the court to *nolle prosequi* the charges and release Duggins from the process of the court. Finding good cause to do so, the trial court agreed and dismissed the charges without prejudice.[2] The final order stated: "All proceedings in this case were terminated and the Defendant was released and discharged of record in this case." Amended Final Order, No. FE-2009-I387 (Jan. 28, 2010).[3]

When Duggins appealed the dismissal of his charges to this Court, we declined to hear the appeal because Code § 17.1-406(A) permits appellate jurisdiction over "any final conviction" in a circuit court but not over a final order terminating a prosecution and releasing the defendant. See Order, No. 0275-10-4 (Va. App. Ct. June 16, 2010); accord Harris v. Commonwealth, 258 Va. 576, 583 n.4, 520 S.E.2d 825, 829 n.4 (1999).

In January 2010, a different grand jury indicted Duggins alleging two counts of credit card fraud based upon the same factual circumstances. Prior to trial, Duggins moved to dismiss the charges with prejudice. Supporting his motion with copies of the 2009 indictments and a hearing transcript from the prior proceeding, Duggins claimed the trial court (in the earlier proceeding) should have denied the prosecutor's request for a *nolle prosequi* on the same

---

[2] Although the trial judge did not specifically articulate her reasons for granting the *nolle prosequi*, "we presume the court followed the governing legal principles," Pilati v. Pilati, 59 Va. App. 176, 181, 717 S.E.2d 807, 809 (2011), and found the necessary good cause for granting the motion. See White v. White, 56 Va. App. 214, 217, 692 S.E.2d 289, 290-91 (2010) ("In Virginia, 'we presume [trial] judges know the law and correctly apply it.'" (quoting de Haan v. de Haan, 54 Va. App. 428, 445, 680 S.E.2d 297, 306 (2009))).

[3] Judge Jane M. Roush entered the orders denying the continuance and granting the *nolle prosequi*.

grounds that it denied the motion for a continuance. Because the prior court found no good cause to grant a continuance, Duggins contended, it necessarily follows the court improperly found good cause for the *nolle prosequi*.

The trial court presiding over the January 2010 indictments denied Duggins's motion to dismiss. The case proceeded to trial, and a jury found Duggins guilty on both counts charged in the 2010 indictments. On appeal, Duggins contends the trial court should have dismissed with prejudice the January 2010 indictments prior to trial. Having failed to do so, Duggins argues, the trial court lacked the authority to enter a final conviction order confirming the jury verdict.

II.

A. HISTORY OF THE *NOLLE PROSEQUI*

A concept dating from the late 1600s, *nolle prosequi* means "unwilling to prosecute" in Latin. Under English common law, the public prosecutor could generally "enter a *nolle prosequi* in his discretion" without obtaining the trial court's permission. Advisory Committee Notes to Fed. R. Crim. P. 48(a); see generally 4 Wayne R. LaFave, Criminal Procedure § 13.3(c), at 159 n.36 (3d ed. 2007). Some common law jurists, however, including Lord Chief Justice Mansfield, reserved the power to overrule a *nolle prosequi* when wielded as a weapon of "mischief or oppression" against an accused. King v. Webb, 1 Black. Rep's 460, 461, 96 Eng. Rep. 265, 266 (K.B. 1764) (cited in 2 William Hawkins, Treatise of the Pleas of the Crown 355 n.1 (1824) ("the court will see that no mischief or oppression ensues")).

Following Lord Mansfield's approach, Virginia jurists as early as 1803 likewise conditioned the *nolle prosequi* power upon receiving "the consent" of the trial court. Anonymous, 3 Va. (1 Va. Cas.) 139, 139 (1803). In 1979, the General Assembly codified this tradition in Code § 19.2-265.3. See 1979 Va. Acts ch. 641. Under this statute, a trial court has the discretion to refuse a *nolle prosequi* if the prosecutor fails to show "good cause." Id.

Consistent with the common law background of Code § 19.2-265.3, Virginia trial courts properly refuse a *nolle prosequi* when the circumstances "manifest a vindictive intent," Battle v. Commonwealth, 12 Va. App. 624, 630, 406 S.E.2d 195, 198 (1991), resulting in "oppressive and unfair trial tactics" or other prosecutorial misconduct, Harris, 258 Va. at 584, 520 S.E.2d at 829. Absent such mischief, however, courts defer to the public prosecutor given his constitutionally recognized prerogatives:

> The Executive remains the absolute judge of whether a prosecution should be initiated and the first and presumptively the best judge of whether a pending prosecution should be terminated. The exercise of its discretion with respect to the termination of pending prosecutions should not be judicially disturbed unless clearly contrary to manifest public interest. In this way, the essential function of each branch is synchronized to achieve a balance that serves both practical and constitutional values.

LaFave, *supra* § 13.3(c), at 162-63 (quoting, as the "leading case" on the subject, United States v. Cowan, 524 F.2d 504, 513 (5th Cir. 1975)).[4]

Such deference remains due even in cases where the prosecution seeks a *nolle prosequi* because of an "oversight" in its pretrial preparations, Battle, 12 Va. App. at 630, 406 S.E.2d at 198, or "a lack of adequate foresight and preparation on the part of the Commonwealth's Attorney," Harris, 258 Va. at 584, 520 S.E.2d at 829-30. In such circumstances, the interests of justice favor a trial with both sides — prosecution and defense — adequately prepared to address the merits of the case.[5]

---

[4] For similar reasons, a Virginia trial court has no authority to *sua sponte* enter a *nolle prosequi* order dismissing a criminal charge. Judicial Inquiry & Review Comm'n v. Peatross, 269 Va. 428, 448, 611 S.E.2d 392, 403 (2005).

[5] *Dicta* in a footnote in Battle suggesting otherwise, 12 Va. App. at 631 n.2, 406 S.E.2d at 199 n.2, as well as similar reasoning in later dissenting opinions, Arnold v. Commonwealth, 18 Va. App. 218, 227, 443 S.E.2d 183, 188 (Benton, J., dissenting), rejected on reh'g en banc, 19 Va. App. 143, 450 S.E.2d 161 (1994) (adopting panel majority opinion), have been superseded by the Virginia Supreme Court's decision in Harris.

B.   EFFECT ON SUBSEQUENT PROSECUTION

A *nolle prosequi* "discharges the accused from liability on the indictment to which the *nolle prosequi* is entered."  Miller v. Commonwealth, 217 Va. 929, 935, 234 S.E.2d 269, 273 (1977); see also Lindsay v. Commonwealth, 4 Va. (2 Va. Cas.) 345, 347 (1823) (stating a *nolle prosequi* causes "a consequent discharge from custody by the Court").  But it does not constitute "an acquittal or discharge from further prosecution."  Lindsay, 4 Va. (2 Va. Cas.) at 347; see also Commonwealth v. Garrett, 276 Va. 590, 606, 667 S.E.2d 739, 748 (2008) ("*nolle prosequi* generally does not act as an acquittal").  "For the prosecution to proceed thereafter for the same offense, a new indictment is required."  Miller, 217 Va. at 935, 234 S.E.2d at 273.  This "new indictment is a *new* charge, distinct from the original charge or indictment."  Harris, 258 Va. at 585, 520 S.E.2d at 830 (emphasis added).

Under limited circumstances, a *nolle prosequi* could implicate a bar to subsequent prosecution.  For example, the constitutional prohibition against double jeopardy might be triggered if a *nolle prosequi* is granted after jeopardy attaches.  See Rosser v. Commonwealth, 159 Va. 1028, 1032, 167 S.E. 257, 258 (1933).  In addition, a *nolle prosequi* could contribute toward a prejudicial delay in violation of a defendant's constitutional speedy trial protections extended by the Sixth Amendment.  See generally Harris, 258 Va. at 585-86, 520 S.E.2d at 830-31.  Finally, when a *nolle prosequi* is used as an unconstitutional weapon of prosecutorial misconduct, subsequent "enhanced charges" could be dismissed as a remedy for the constitutional violation.  See Battle, 12 Va. App. at 631-32, 406 S.E.2d at 199.[6]

---

[6] Despite finding prosecutorial misconduct, Battle did not bar the reprosecution of the *original* charge.  Battle, 12 Va. App. at 631-32, 406 S.E.2d at 199 ("The Commonwealth, if it be so advised, may seek to re-try Battle for possession of cocaine since neither the order granting the *nolle prosequi* nor the verdict below acquitted Battle of that charge.").

What we have never said — and, as far as we know, no court has ever said — is that a reprosecution following a *nolle prosequi* should be barred merely because the trial judge in the later proceeding disagrees with the trial judge's finding of good cause in the earlier proceeding. Several reasons explain why. To begin with, the earlier *nolle prosequi* decision was made in an entirely different proceeding. It cannot be revisited after the initial proceeding becomes final and incapable of reconsideration under Rule 1:1. All the more, it cannot be collaterally attacked in a subsequent proceeding.

Equally importantly, the trial court in the subsequent proceeding can impose no effective remedy as to the earlier terminated prosecution even if the earlier *nolle prosequi* was arguably entered in error. Had the alleged mistake not occurred — that is, had the defendant not been discharged from the then-pending charge and returned to his liberty — he would have proceeded to a criminal trial. The court cannot dismiss *with prejudice* an indictment in the subsequent proceeding merely because the same charge (asserted earlier in a different indictment by a different grand jury) had been dismissed *without prejudice* in the earlier proceeding. Such an exaggerated remedy would be disproportionate to the alleged error. See United States v. Goodson, 204 F.3d 508, 514 (4th Cir. 2000) (observing that dismissing an indictment with prejudice should not impermissibly allow the trial court's "interest in the orderly administration of justice to override the interests of victims and the public interest in the enforcement of the criminal law").[7]

---

[7] See also United States v. Derrick, 163 F.3d 799, 807 (4th Cir. 1998) ("The dismissal of an indictment altogether clearly thwarts the public's interest in the enforcement of its criminal laws in an even more profound and lasting way than the requirement of a retrial"); United States v. Hattrup, 763 F.2d 376, 377-78 (9th Cir. 1985) (holding prosecution's failure to subpoena a critical witness who had initially agreed to testify voluntarily did not warrant the "harsh remedy of dismissal with prejudice"); State v. Bolen, 13 P.3d 1270, 1274 (Kan. 2000) ("Dismissal of charges [with prejudice] oftentimes punishes the public rather than the prosecutor and creates a windfall for the defendant."); People v. Murray, 713 N.E.2d 814, 816 (Ill. Ct. App. 1999) (noting

## C.  DENYING CONTINUANCE AND GRANTING *NOLLE PROSEQUI*

Duggins contends these principles, even if generally applicable, do not apply to him because the trial court in his prior proceeding approved the prosecutor's *nolle prosequi* only after disapproving his request for a continuance.  Because the same grounds were asserted for both requests, Duggins reasons, the lack of good cause for the continuance necessarily disproves any good cause existed for the *nolle prosequi*.

For the reasons we have already discussed, the presence or absence of good cause in the earlier proceeding cannot be collaterally reviewed by the trial court in a subsequent proceeding.  It changes nothing that, in the earlier proceeding, an unsuccessful continuance motion preceded the motion for *nolle prosequi*.  The Virginia Supreme Court faced the same argument in Harris, where the defendant "asserted that because the trial court had denied the Commonwealth's motion for a continuance, there was no good cause for sustaining the motion for *nolle prosequi* as well."  Harris, 258 Va. at 581, 520 S.E.2d at 828.  Harris rejected the argument because the attempt to link the two concepts was flawed.  Id. at 581-82, 520 S.E.2d at 828.

Whether or not to continue a case involves a "different calculus" than the one governing the decision to grant or deny a *nolle prosequi* motion.  Id. at 583, 520 S.E.2d at 829.  A *nolle prosequi* serves merely "to discontinue the prosecution relative to the charges."  Cook v. Commonwealth, 268 Va. 111, 114, 597 S.E.2d 84, 86 (2004).  The consequences of *discontinuing* a case are quite different from *continuing* it.  "Once the [*nolle prosequi*] motion is granted, the defendant is released from custody or the terms of his bond and is at liberty."  Harris, 258 Va. at 585, 520 S.E.2d at 830.  "While this may provide the Commonwealth with an opportunity to gather more evidence, it does not amount to an 'unlimited continuance' because

---

the "lack of diligence on the part of prosecutors should not automatically result in the defendant going free").

- 7 -

the defendant no longer suffers the consequences of being under indictment." Id. Consequently, a trial court in its discretion could find reasons insufficient for continuing a case to nonetheless be sufficient for discontinuing it. We thus reject Duggins's assertion that longstanding principles authorizing reprosecution do not apply to him because, in his earlier proceeding, an unsuccessful continuance motion preceded the *nolle prosequi* motion.

III.

In this case, a jury found Duggins guilty of two counts of fraudulent use of a credit card. The jury's verdict cannot be overturned on the allegation, even if true, that the trial court in the prior proceeding mistakenly believed the Commonwealth had good cause to *nolle prosequi* indictments alleging identical charges.

Affirmed.