COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Petty and Senior Judge Haley
Argued by teleconference

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
v.        Record No. 0985-12-3              BY JUDGE D. ARTHUR KELSEY
                                            NOVEMBER 20, 2012

ELBERT SMITH, JR.

FROM THE CIRCUIT COURT OF BUCHANAN COUNTY
Patrick R. Johnson, Judge

Eugene Murphy, Senior Assistant Attorney General
(Kenneth T. Cuccinelli, II, Attorney General, on briefs), for
appellant.

Elbert Smith, Jr., *pro se*.

The trial court entered a pretrial order dismissing with prejudice two indictments

charging Elbert Smith, Jr., an incarcerated inmate, with malicious wounding and assault of a

fellow prisoner. See Code §§ 18.2-51, 18.2-55. Considering two earlier indictments, which had

alleged the same criminal conduct and were dismissed by a *nolle prosequi* order, the trial court

held the later indictments against Smith violated the Speedy Trial Act, Code § 19.2-243. On

appeal, the Commonwealth contends the trial court erred as a matter of law. We agree, reverse

the dismissal order, and remand the case for trial.

I.

A grand jury indicted Smith on aggravated malicious wounding and assault charges in

July 2011. See Cir. Ct. Case Nos. CR11000526, CR11000527. Smith elected to appear *pro se*

with standby counsel. During the proceeding, Smith's standby counsel entered into a consent

order continuing the case for approximately three months. See App. at 31-32. In December

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

2011, before jeopardy attached,[1] the trial court found good cause to grant the Commonwealth's motion to *nolle prosequi* the charges. Because of ongoing discovery disputes, the court stated, neither side was prepared to try the case on the scheduled trial date.

In February 2012, a second grand jury re-indicted Smith on similar charges arising out of the same conduct. See Cir. Ct. Case Nos. CR12000086, CR12000087. Smith moved to dismiss the new indictments under the speedy trial statute, arguing the trial court had erred in finding good cause to grant the earlier *nolle prosequi* motion. Smith claimed the five-month speedy trial deadline had already expired by the time the *nolle prosequi* order was entered. Under this reasoning, Smith "asserted that his speedy trial rights were being violated" in the second proceeding "because of the Commonwealth's failure to bring him to trial within five months" in the first proceeding. Trial Court's Finding of Fact ¶ 22 (App. at 34).

The trial court accepted Smith's invitation to revisit its earlier decision to grant the *nolle prosequi* motion. The court acknowledged that, during the first proceeding, it "did find merit" in the Commonwealth's tolling argument and made a "preliminary ruling" that the statute was tolled during the three-month continuance. App. at 29. Based upon transcripts that "were not available" during the earlier proceeding, however, the court changed its mind and held Smith's standby counsel was not authorized to sign the consent order. Id. at 29-30.

Retracting its earlier "preliminary ruling," id. at 29, concerning the three-month tolling period, the trial court reasoned that the speedy trial deadline would have expired shortly after the court's ruling from the bench granting the *nolle prosequi*, but before the entry of the written order memorializing the bench ruling. The untolled five-month period, under the trial court's

---

[1] Jeopardy attaches "only after a jury is empaneled and sworn in a jury trial or the first witness is sworn in a bench trial." Martin v. Commonwealth, 242 Va. 1, 8, 406 S.E.2d 15, 18 (1991); see generally Ronald J. Bacigal, Criminal Procedure § 14:14, at 393-94 (2011-12 ed.).

reconsidered view, had expired prior to the entry of the written order granting the *nolle prosequi*. Upon this premise, the trial court dismissed with prejudice the *second* set of indictments.[2]

The trial court acknowledged that Smith never moved to dismiss the first set of indictments at any point in the earlier proceeding. This did not matter, the court concluded, because Smith's "failure to assert his speedy trial rights" in the earlier case "did not act as a waiver" of those rights. Id. at 35.

## II.

Under settled principles, a *nolle prosequi* terminates a criminal prosecution and leaves the situation "the same as if the Commonwealth had chosen to make no charge" at all. Wright v. Commonwealth, 52 Va. App. 690, 700-01, 667 S.E.2d 787, 792 (2008) (*en banc*) (citation and internal quotation marks omitted). A later indictment constitutes a "new" charge, wholly "distinct from the original charge." Id. Such a case involves "two separate prosecutions arising from the same criminal conduct," id., with the first being considered an "entirely different proceeding" from the second, Duggins v. Commonwealth, 59 Va. App. 785, 793, 722 S.E.2d 663, 667 (2012). Put another way, once a *nolle prosequi* has been entered, "the slate is wiped clean," as if the charges "*had never existed*." Kenyon v. Commonwealth, 37 Va. App. 668, 675, 561 S.E.2d 17, 20-21 (2002) (emphasis in original and citations omitted).

---

[2] The trial court apparently assumed the *nolle prosequi* became effective not when the court ruled from the bench but upon entry of the written order. We share our concurring colleague's skeptical view of this assumption. See generally Taylor v. Commonwealth, 58 Va. App. 435, 438 n.1, 710 S.E.2d 518, 520 n.1 (2011) (citing Jefferson v. Commonwealth, 269 Va. 136, 139, 607 S.E.2d 107, 109 (2005)); see also Rollins v. Bazile, 205 Va. 613, 617, 139 S.E.2d 114, 117 (1964) ("A written order or decree endorsed by the judge is but evidence of what the court has decided." (quoting Haskins v. Haskins, 185 Va. 1001, 1012, 41 S.E.2d 25, 31 (1947))); John L. Costello, Virginia Criminal Law and Procedure § 62.3[1], at 1056 (4th ed. 2008) ("The further necessity for recording and signing the evidence of the judicial act should not be confused with the judgment itself."). Given our holding, we need not address this issue further.

If a future grand jury re-indicts a defendant, the speedy trial clock begins anew. "When an original indictment is supplanted by a second indictment, the terms contemplated by [Code § 19.2-243] are to be counted from the time of the second indictment." Harris v. Commonwealth, 258 Va. 576, 585, 520 S.E.2d 825, 830 (1999) (alteration in original) (quoting Brooks v. Peyton, 210 Va. 318, 322, 171 S.E.2d 243, 246 (1969)); see also Miller v. Commonwealth, 217 Va. 929, 934, 234 S.E.2d 269, 273 (1977) (holding that, "when the original indictment is supplanted by a second indictment, the time contemplated by the statute is to be counted from the time of the second indictment").[3]

The trial court accepted Smith's assertion that this run-anew principle does not apply when a court, in a *subsequent* prosecution, determines that an *earlier* prosecution, discontinued upon a finding of good cause for a *nolle prosequi*, should have been terminated under the speedy trial statute — even though the defendant never moved to dismiss the earlier proceeding as violative of his speedy trial rights. We reject this view for several reasons.

First, the run-anew principle has long been an axiom of Virginia law. It has been repeated many times without the first hint of qualification: Because the first prosecution is an "entirely different proceeding" from the second, Duggins, 59 Va. App. at 793, 722 S.E.2d at 667, the deadlines of the speedy trial statute "are to be counted from the time of the second indictment," Brooks, 210 Va. at 322, 171 S.E.2d at 246 (citing Mealy v. Commonwealth, 193 Va. 216, 218, 219, 68 S.E.2d 507, 509 (1952); Commonwealth v. Adcock, 49 Va. (8 Gratt.) 661, 672, 675, 682 (1851)). Absent a challenge of constitutional dimensions, no Virginia appellate

---

[3] See also Willis v. Commonwealth, 37 Va. App. 224, 229, 556 S.E.2d 60, 63 (2001); Ashby v. Commonwealth, 33 Va. App. 540, 545-46, 535 S.E.2d 182, 185 (2000); Riddick v. Commonwealth, 22 Va. App. 136, 142, 468 S.E.2d 135, 138 (1996); Arnold v. Commonwealth, 18 Va. App. 218, 221-22, 443 S.E.2d 183, 185, aff'd en banc, 19 Va. App. 143, 450 S.E.2d 161 (1994); Taylor v. Commonwealth, 4 Va. App. 45, 51, 354 S.E.2d 74, 78 (1987); Presley v. Commonwealth, 2 Va. App. 348, 350-51, 344 S.E.2d 195, 196 (1986).

court has ever held that the run-anew principle is subject to any exceptions.[4] We, too, are unwilling to recognize any.[5]

Second, the prosecution of Smith under the first set of indictments ended in a *nolle prosequi* based upon a finding of good cause. The trial court found good cause, in part, because of its preliminary ruling that the consent continuance order tolled the speedy trial clock. After the *nolle prosequi* order became final, however, the trial court had no power to reconsider its tolling decision or to conclude the earlier case should have been dismissed under the speedy trial statute, rather than discontinued pursuant to the Commonwealth's *nolle prosequi* motion. Such collateral attacks on *nolle prosequi* discontinuances are unknown to Virginia law. As we recently explained:

> What we have never said — and, as far as we know, no court has ever said — is that a reprosecution following a *nolle prosequi* should be barred merely because the trial judge in the later proceeding disagrees with the trial judge's finding of good cause in the earlier proceeding. Several reasons explain why. To begin with, the earlier *nolle prosequi* decision was made in an entirely different proceeding. It cannot be revisited after the initial

---

[4] "For example, the constitutional prohibition against double jeopardy might be triggered if a *nolle prosequi* is granted after jeopardy attaches. In addition, a *nolle prosequi* could contribute toward a prejudicial delay in violation of a defendant's constitutional speedy trial protections extended by the Sixth Amendment. Finally, when a *nolle prosequi* is used as an unconstitutional weapon of prosecutorial misconduct, subsequent 'enhanced charges' could be dismissed as a remedy for the constitutional violation." Duggins, 59 Va. App. at 792, 722 S.E.2d at 667 (citations omitted). In this case, jeopardy did not attach to either the first or second set of indictments, Smith makes no colorable claim of a constitutional double jeopardy violation, and neither was he subjected to an enhanced prosecution following the *nolle prosequi* order.

[5] We disagree with the concurring opinion's interpretation of Ashby v. Commonwealth, 33 Va. App. 540, 535 S.E.2d 182 (2000). In Ashby, there were no prior indictments. Nor were there any *nolle prosequi* requests or rulings. Instead, the defendant was arrested and held in custody on charges which had been amended and certified to a grand jury. While those charges were still pending, the Commonwealth obtained direct indictments asserting different charges involving the same conduct. Because the judicial slate was not "wiped clean" by a *nolle prosequi*, the original charges could not be treated as if they "*had never existed*." Kenyon, 37 Va. App. at 675, 561 S.E.2d at 20-21 (emphasis in original and citations omitted). Consequently, neither the narrow holding of Ashby nor its broad *dicta* govern this case.

> proceeding becomes final and incapable of reconsideration under Rule 1:1. All the more, it cannot be collaterally attacked in a subsequent proceeding.

Duggins, 59 Va. App. at 792-93, 722 S.E.2d at 667; see also Moore v. Commonwealth, 59 Va. App. 795, 722 S.E.2d 668 (2012).

Finally, we disagree with the trial court's holding that Smith's collateral attack of the earlier *nolle prosequi* order on speedy trial grounds was unaffected by the fact that he never moved to dismiss his first indictments after the alleged expiration of the statutory deadline. The speedy trial statute is not "self-operative" and an alleged violation of the statute does not "void" a judgment. Brooks, 210 Va. at 321-22, 171 S.E.2d at 246. "Failure to invoke the provisions of the statute until after final judgment is a waiver of the protection afforded thereunder." Id. at 321, 171 S.E.2d at 246. Because Smith never moved to dismiss his earlier indictments on speedy trial grounds before the *nolle prosequi* dismissal order became final, he could not collaterally attack the issue in the later proceeding. Id. (applying this principle to a *habeas corpus* action).[6]

---

[6] The trial court assumed the five-month statutory period applied to Smith's first set of indictments. Under Code § 19.2-243, if the accused has been continuously in custody and there has been "no preliminary hearing in the district court," the five-month period runs "from the date [of] an indictment or presentment." The statute goes on to say that if "an indictment or presentment is found against the accused but he has not been arrested *for the offense charged therein*," the five-month period shall run from the "date of his arrest thereon." Code § 19.2-243 (emphasis added). Thus, in the absence of a preliminary hearing, the statutory five-month period begins at the date of indictment or the date of arrest, whichever comes later. The "arrest" spoken of in the statute refers to the arrest for the "offense charged therein" — that is, the offense described in the indictment. Id.; see also Williamson v. Commonwealth, 13 Va. App. 655, 658, 414 S.E.2d 609, 611 (1992) ("arrest thereon" refers to "the specific charge set forth in the indictment"). For the in-custody period to run on a particular offense, "the incarceration also must be for the subject offense." Ford v. Commonwealth, 33 Va. App. 682, 689, 536 S.E.2d 467, 470 (2000).

Smith was incarcerated for unrelated offenses throughout the first and second proceedings. The parties do not address on appeal whether the trial court issued a capias or detainer order (effectively arresting Smith) based upon the first set of indictments. The record discloses only that the court issued a show-cause order following Smith's second set of indictments. Given our holding, we need not decide whether the statutory five-month (in-custody) or the nine-month (not-in-custody) period governed either set of indictments.

III.

By reconsidering its decision in the first proceeding and not running the speedy trial deadline anew in the second proceeding, the trial court erroneously concluded Code § 19.2-243 barred Smith's prosecution under the second set of indictments. We reverse the court's dismissal order and remand the case for trial.

<u>Reversed and remanded.</u>

Petty, J., concurring.

While I agree that this case should be reversed and remanded for trial, I cannot agree with the analysis by the majority. Therefore, I write separately.

As applicable to this case, Code § 19.2-243 requires that any person charged with a felony, "if he is held continuously in custody . . . , *shall be forever discharged from prosecution for such offense* if no trial is commenced in the circuit court within five months" from the date of his arrest. (Emphasis added). "The five month requirement of Code § 19.2-243 translates to 152 and a fraction days." Ballance v. Commonwealth, 21 Va. App. 1, 6, 461 S.E.2d 401, 403 (1995).[7]

Here, Smith was indicted for aggravated malicious wounding and assault by a prisoner on July 11, 2011 and was arraigned on those indictments on July 13, 2011.[8] Thus, unless Smith was brought to trial on these charges by December 13, 2011, he was to be forever discharged from prosecution. The majority concludes that because the original charges were ultimately terminated after that date by the trial court's granting of a motion to *nolle prosequi*, as opposed to being dismissed for a violation of Code § 19.2-243, subsequent indictment and prosecution is warranted. I do not agree. I believe it is only "when an indictment is disposed of by *nolle prosequi . . . before* the speedy trial statute has run and the accused subsequently is re-indicted on the same charge," that further prosecution is permitted. Ashby v. Commonwealth, 33 Va. App.

---

[7] I agree with the majority when it observes that the record is somewhat unclear as to whether Smith was actually in custody on the charged offenses and thus subject to the five-month speedy trial limitation. Supra note 6. However, because the Commonwealth has assumed that Smith was in custody for purposes of the application of Code § 19.2-243, I too will adopt that assumption.

[8] When a defendant is indicted prior to arrest, the speedy trial time period "shall commence to run from the date of his arrest thereon." Code § 19.2-243. The trial court mistakenly calculated the speedy trial date from the date of indictment. Although the actual arrest date is not set out in the record, I will assume it occurred on July 13, 2011.

- 8 -

540, 545, 535 S.E.2d 182, 185 (2000) (emphasis added).  To hold otherwise ignores the plain

language of Code § 19.2-243.  Further, it would allow a prosecutor who has discovered that the

speedy trial date has passed to terminate the prosecution, even without notice to the defendant,

and then seek new indictments.  See id. (noting that "when an indictment is disposed of by *nolle*

*prosequi*, with or without notice to the accused, . . . the speedy trial statute begins to run anew

from the time of [a] second indictment").  To me, the statutory language is clear and

unambiguous—once the speedy trial bell tolls, the accused is to be forever discharged from

further prosecution for that crime.  How that discharge is effected is irrelevant.

That having been said, I concur in the judgment of the majority because I believe that the

prosecution here was ended before the speedy trial deadline was reached.  The trial court found

good cause to grant the Commonwealth's motion to *nolle prosequi* the original indictments, and

it did so on December 6, 2011, before the speedy trial deadline of December 13, 2011.  Although

the trial court did not actually enter the *nolle prosequi* order until January 11, 2012, I believe that

the Supreme Court has made it clear that the latter date is not relevant to this case.

> The rendition of a judgment duly pronounced is the judicial act of
> the court, and the entry or recording of the instrument
> memorializing the judgment "does not constitute an integral part
> of, and should not be confused with, the judgment itself." . . . [T]he
> judgment . . . was a valid judicial act without the judge's signature
> on the draft order.

Jefferson v. Commonwealth, 269 Va. 136, 139, 607 S.E.2d 107, 109 (2005) (quoting Rollins v.

Bazile, 205 Va. 613, 617, 139 S.E.2d 114, 117 (1964)).  Therefore, the trial court's rendition of

judgment on December 6, 2011, granting the Commonwealth's motion for *nolle prosequi*,

represented the judicial act of the court—Smith's discharge from prosecution.[9]  For that reason, I

---

[9] At oral argument, the Attorney General conceded that the date of the *nolle prosequi* was
the date on which the order was entered—January 11, 2012.  However, "'[o]ur fidelity to the
uniform application of law precludes us from accepting concessions of law made on appeal.'"

would hold that the prosecution against Smith was terminated prior to the speedy trial deadline.[10] Since the initial prosecution ended before the provisions of Code § 19.2-243 prohibited further prosecution for the same offenses, I agree that the trial court erred in granting the motion to dismiss. See Harris v. Commonwealth, 258 Va. 576, 585, 520 S.E.2d 825, 830 (1999). Thus, I concur in the decision to reverse and remand for trial.

---

Bowden v. Commonwealth, 52 Va. App. 673, 677 n.1, 667 S.E.2d 27, 29 n.1 (2008) (alteration in original) (quoting Logan v. Commonwealth, 47 Va. App. 168, 172, 622 S.E.2d 771, 773 (2005) (en banc)). "Because [this] appeal[] require[s] us to interpret Code § [19.2-243], we must perform our own analysis and determine if a valid basis supports the Commonwealth's concession." Bennett v. Commonwealth, 60 Va. App. 656, 665, 731 S.E.2d 40, 44 (2012). Accordingly, I would reject the Attorney General's concession on this point of law.

[10] I recognize that the Supreme Court has, on some occasions, held that under Rule 1:1, the date on which a trial court enters an order is the date on which that order becomes final. However, the Supreme Court has not been entirely consistent. Compare Wagner v. Shird, 257 Va. 584, 587-88, 514 S.E.2d 613, 615 (1999) (holding that the rendition of a judgment does not serve as the entry of the judgment for the sake of finality), and McDowell v. Dye, 193 Va. 390, 393, 69 S.E.2d 459, 462 (1952) (holding that a rendered judgment did not become final until it was entered), with Jefferson, 269 Va. at 139, 607 S.E.2d at 109 (holding that the oral rendition of judgment is a valid judicial act), and Rollins, 205 Va. at 617-18, 139 S.E.2d at 117-18 (holding that a judge's failure to sign a judgment does not invalidate the judgment). Because the Supreme Court's holdings in Jefferson and Rollins appear to be the most on point, I consider them to be controlling.