COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Chief Judge Huff, Judges Humphreys and O'Brien
Argued at Fredericksburg, Virginia


CECIL GUY TRUMAN

MEMORANDUM OPINION* BY
CHIEF JUDGE GLEN A. HUFF
MARCH 27, 2018

v.        Record No. 1703-16-4

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Kimberly A. Irving, Judge[1]

Juli M. Porto (Mark Thomas Crossland; Blankingship & Keith,
P.C.; Mark Thomas Crossland, P.C., on briefs), for appellant.

Eugene Murphy, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Cecil Guy Truman ("appellant") appeals his convictions of five counts of heroin

distribution, one count of possession with intent to distribute heroin, and one count of possession

with intent to distribute cocaine, in violation of Code § 18.2-248; one count of possession of a

firearm while in possession of a controlled substance, in violation of Code § 18.2-308.4; and two

counts of child neglect, in violation of 18.2-371.1(B).  Following a jury trial, the Circuit Court of

Prince William County ("trial court") sentenced appellant to the jury's recommended sentence of

forty years and six months of imprisonment.  The trial court later granted appellant's motion to

reconsider the sentence on the heroin-related charges, reducing the term of imprisonment by

suspending nine years of the sentence.  On appeal, appellant presents two assignments of error:

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Judge Richard B. Potter presided over the May 1, 2015 hearing and granted the
Commonwealth's motion to *nolle prosequi*.  Judge Kimberly A. Irving presided over the jury
trial and the hearing on the motion for a new trial.

1. The trial court erroneously found good cause to grant the Commonwealth's motion to *nolle prosequi* Mr. Truman's charges where the motion deprived Mr. Truman of his due process rights.

2. The trial court erroneously denied a new trial where the Commonwealth did not correct a prosecution witness's false testimony.

For the following reasons, this Court affirms appellant's convictions.

## I. BACKGROUND

On appeal, "we consider the evidence and all reasonable inferences flowing from that evidence in the light most favorable to the Commonwealth, the prevailing party at trial." Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (*en banc*) (quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)).  So viewed, the evidence is as follows.

Appellant was scheduled to stand trial on January 27, 2015, for distribution of a controlled substance, possession with intent to distribute a controlled substance, conspiracy to dispense drugs, simultaneous possession of a firearm and a controlled substance, two counts of child neglect, possession of a firearm by a convicted felon, and possession of a firearm by a violent convicted felon.  Appellant's counsel, Myron Teluk, moved to withdraw on January 23 because of a conflict of interest.  The trial court granted the motion, appointed Scott Swajger as substitute counsel, and continued the trial to February 13.  On that date, Swajger indicated to the trial court that he was not ready for trial and requested a June trial date.  Appellant objected to a June date, and the trial court continued the case until February 20 for appellant to discuss the matter with his counsel.  Swajger moved to withdraw during this next appearance, so the trial court appointed Brian Roman as appellant's counsel and continued the trial to May 4-6.  On April 15, Roman moved to withdraw and the trial court appointed Mark Crossland as appellant's counsel.

At a hearing on May 1, Crossland asked the trial court to continue the case because he had been appointed only two weeks before the multi-day jury trial date and, in light of ongoing discovery issues, could not feasibly be prepared in time for the trial despite the approaching speedy trial deadline pursuant to Code § 19.2-243. The Commonwealth joined the motion in order to "protect the process" in light of appellant's conflicting speedy trial and effective assistance rights. Appellant indicated that he opposed the motion, which the trial court ultimately denied. After that, the Commonwealth moved to continue the possession of a firearm by a violent convicted felon charge, which had a longer period before the speedy trial time limit expired, until June 3. The trial court granted this motion.

The Commonwealth then moved to *nolle prosequi* the remaining charges. Appellant opposed this motion, contending that no good cause existed. The Commonwealth cited its concerns that, were the charges to go forward as scheduled, the issue regarding adequate representation for appellant would "endanger[] our convictions, if there are any obtained . . . ." The trial court found that good cause supported the motion and granted it.

A grand jury entered fresh indictments against appellant on June 1, 2015, and he stood trial on September 21-24, 2015. During its case-in-chief, the Commonwealth called Kimberly Royston, who had been charged in connection with the investigation of appellant. On cross-examination, counsel for appellant asked whether her attorney told her that she would receive a bond if she cooperated with the government, to which she replied, "No." She indicated that she did not know why her case had been continued until after appellant's trial. She also denied that any Commonwealth representative told her that she would receive a better deal if she testified during appellant's trial.

Following his convictions, appellant moved for a new trial based on newly discovered evidence: a letter from Royston suggesting that the Commonwealth had offered her a plea deal

- 3 -

in exchange for testifying in appellant's trial. The trial court conducted a hearing on this motion on August 4, 2016, at which Royston testified. She stated that she did not believe she perjured herself at the September 2015 trial. Asked whether any Commonwealth representative made promises to her about her charges, she replied: "They said they couldn't make no promises or guarantees but they said they would see what they could do to lessen my charge." She went on to state that she did not mention bond in her letter and "was never aware if they did anything for [her] bond." Referring to the standard necessary for granting a new trial based on after-discovered evidence, the trial court ruled:

> [A]t this point, we're really on one witness and should that have been a material enough change that couldn't have been found in advance of trial that should have or would have produced an opposite result of this trial. And I simply can't find that it is. So I'm denying your motion.

This appeal followed.

## II. ANALYSIS

Appellant contends that the trial court erred by finding that good cause existed to grant the Commonwealth's motion to *nolle prosequi* and by denying appellant's motion for a new trial when the Commonwealth did not correct its witness' false testimony.

### A. Motion for *Nolle Prosequi*

Appellant's first assignment of error challenges the trial court's finding of good cause to grant the Commonwealth's motion to *nolle prosequi* an initial slate of charges against him. Crucially, appellant did not challenge the Commonwealth's decision to reindict him after the *nolle prosequi*. Because this Court lacks subject matter jurisdiction over the challenged good cause finding, we dismiss appellant's first assignment of error.

"A *nolle prosequi* 'discharges the accused from liability on the indictment to which the *nolle prosequi* is entered.'" Duggins v. Commonwealth, 59 Va. App. 785, 791, 722 S.E.2d 663,

- 4 -

666 (2012) (quoting Miller v. Commonwealth, 217 Va. 929, 935, 234 S.E.2d 269, 273 (1977)).

"When the charges against an accused are dismissed or *nolle prosequied* the accused is no longer a person 'whose freedom of movement and liberty' are 'subject to any legal restriction' because those charges no longer exist." Wright v. Commonwealth, 52 Va. App. 690, 701, 667 S.E.2d 787, 792 (2008) (*en banc*) (quoting Moore v. Commonwealth, 218 Va. 388, 394, 237 S.E.2d 187, 192 (1977)). "After a *nolle prosequi* of an indictment, the slate is wiped clean, and the situation is the same as if 'the Commonwealth had chosen to make no charge.'" Watkins v. Commonwealth, 27 Va. App. 473, 475, 499 S.E.2d 589, 590 (1998) (*en banc*) (quoting Burfoot v. Commonwealth, 23 Va. App. 38, 44, 473 S.E.2d 724, 727 (1996)). If, after a *nolle prosequi* of original charges, the Commonwealth later indicts the accused with new charges arising from the original conduct, it is "an entirely different proceeding" from that in which the *nolle prosequi* occurred. Duggins, 59 Va. App. at 793, 722 S.E.2d at 667.

This Court's jurisdiction is governed entirely by statute and, in criminal cases, is limited to final orders of conviction and certain pretrial orders not at issue here. See Code §§ 17.1-406(A); 19.2-398. In Duggins, this Court recognized that it generally lacks statutory authority to consider direct appeals of a trial court's decision to grant a motion to *nolle prosequi* charges. Duggins, 59 Va. App. at 789, 722 S.E.2d at 665 (recognizing that this Court declined to hear the direct appeal of an order granting the motion to *nolle prosequi* "because Code § 17.1-406(A) permits appellate jurisdiction over 'any final conviction' in a circuit court but not over a final order terminating a prosecution and releasing the defendant"). A *nolle prosequi* ends a criminal case without a conviction. This Court therefore lacks jurisdiction to review an order to *nolle prosequi* except in rare circumstances not presented in this case. See, e.g., Moore v. Commonwealth, 59 Va. App. 795, 810, 722 S.E.2d 688, 675-76 (2012) ("Since a *nolle prosequi*

terminates a criminal case without a conviction, it is not directly reviewable by this Court unless, as here, a conviction results on other companion charges.").

In this case, appellant did not challenge the Commonwealth's reinstitution of charges against him based on its lack of good cause to support the *nolle prosequi* of the initial charges. See Harris v. Commonwealth, 258 Va. 576, 580, 520 S.E.2d 825, 827 (1999) (reviewing trial court's denial of a motion to dismiss a reindictment based on the Commonwealth's lack of good cause to *nolle prosequi* the original indictment, "effectively continu[ing] the first prosecution in the form of the second"). Instead, appellant challenged the trial court's good cause finding with respect to the initial indictments, which became a legal nullity once the trial court entered the *nolle prosequi*. He therefore does not appeal a decision of the trial court leading to his current convictions. Accordingly, this Court dismisses appellant's first assignment of error for lack of subject matter jurisdiction.

## B. Motion for New Trial

Appellant next contends that the trial court erred in denying his motion for a new trial and deprived him of his due process rights because the Commonwealth failed to correct one of its witnesses' allegedly false testimony. Because this argument is procedurally defaulted and the ends of justice exception does not apply, this Court affirms the trial court's ruling.

> [M]otions for new trials based on after-discovered evidence are addressed to the sound discretion of the trial judge, are not looked upon with favor, are considered with special care and caution, and are awarded with great reluctance. A party who seeks a new trial based upon after-discovered evidence bears the burden to establish that the evidence (1) appears to have been discovered subsequent to the trial; (2) could not have been secured for use at the trial in the exercise of reasonable diligence by the movant; (3) is not merely cumulative, corroborative or collateral; and (4) is material, and such as should produce opposite results on the merits at another trial.

Garnett v. Commonwealth, 275 Va. 397, 416-17, 657 S.E.2d 100, 112 (2008) (quoting Commonwealth v. Tweed, 264 Va. 524, 528, 570 S.E.2d 797, 800 (2002)). "In reviewing an exercise of discretion . . . we consider only whether the record fairly supports the trial court's action." Harris, 258 Va. at 583, 520 S.E.2d 829 (quoting Beck v. Commonwealth, 253 Va. 373, 385, 484 S.E.2d 898, 906 (1997)).

In his motion for a new trial, appellant contended that newly discovered evidence—the letter from Royston—would "reveal that the testimony of certain Commonwealth's witnesses was coerced, false and . . . if given in a new proceeding, would be substantially different than when it was offered at the previous trial which would affect the likelihood of the Commonwealth proving its case against [appellant] on the merits . . . ." At the subsequent hearing, appellant continued to argue in this vein. At no point, however, did appellant contend that the trial court should order a new trial because of the Commonwealth's failure to correct the witness' allegedly false testimony.

As discussed above, Rule 5A:18 provides in part that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). Thus, even though appellant made similar arguments asking the trial court to order a new trial, he failed to advance below the specific argument he asserts on appeal. See Robinson v. Commonwealth, 13 Va. App. 574, 576, 413 S.E.2d 885, 886 (1992) ("The purpose of the contemporaneous objection rule embodied in Rule 5A:18 is to inform the trial judge of the action complained of in order to give the judge the opportunity to consider the issue and to take timely corrective action . . . ."); see also Edwards v. Commonwealth, 41 Va. App. 752, 760, 589

S.E.2d 444, 448 (2003) (*en banc*) ("Making one specific argument on an issue does not preserve a separate legal point on the same issue for review."). Appellant's argument is therefore procedurally defaulted.

Appellant nevertheless asks this Court to review his argument on appeal pursuant to the ends of justice exception to Rule 5A:18. "The ends of justice exception is narrow and is to be used sparingly." Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 10 (1989). Even error of a constitutional dimension does not automatically merit review—instead, such error "is a relevant, though not necessarily dispositive, consideration when determining whether to apply the ends of justice exception." Commonwealth v. Bass, 292 Va. 19, 28 n.5, 786 S.E.2d 165, 170 n.5 (2016). "In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) (quoting Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987)). "In order to show that a miscarriage of justice *has* occurred, thereby invoking the ends of justice exception, the appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur." Id. at 221-22, 487 S.E.2d at 272-73.

"The burden of establishing a manifest injustice is a heavy one, and it rests with the appellant." Brittle v. Commonwealth, 54 Va. App. 505, 514, 680 S.E.2d 335, 340 (2009). In describing how heavy the burden of proving manifest injustice is, this Court has said:

> This burden is nothing more than a common sense obligation on the part of the appellant to point us to a particular place in the record that establishes his innocence; that is, that he was convicted of a non-offense or that the record affirmatively establishes that an element of the offense did not occur. Unless the appellant can point to such a place in the record, we are left with no alternative other than to say that there was no miscarriage of justice.

Id. at 517-18, 680 S.E.2d at 341-42. In this case, appellant is unable to establish either that he was convicted for noncriminal conduct or that an element of an offense did not occur.[2]

Even assuming *arguendo* that the testimony in question was false, appellant nonetheless cannot prove a manifest injustice because the jury had ample other evidence with which to convict appellant. Other witnesses testified that they purchased drugs from appellant, a firearm and ammunition were found in his home, and appellant's own testimony supported the child neglect charges. In light of the other evidence of his guilt, this Court cannot find that a miscarriage of justice occurred. Accordingly, this Court holds that the ends of justice exception does not apply and finds appellant's argument that he was entitled to a new trial to be procedurally defaulted.

### III. CONCLUSION

Appellant's first assignment of error challenges a decision of the trial court in proceedings distinct from those currently before this Court. As such, it is beyond the scope of this Court's subject matter jurisdiction and is dismissed. Appellant asks this Court to review his second assignment of error pursuant to the ends of justice exception to Rule 5A:18, but is unable to meet the high bar of establishing that he suffered a manifest injustice. Accordingly, this Court

---

[2] Appellant contends on brief that, rather than the manifest injustice standard, this Court should apply the "clear, substantial, and material" standard articulated by Judge Barrow's concurrence in Campbell v. Commonwealth, 14 Va. App. 988, 996-98, 421 S.E.2d 652, 656-58 (1992) (*en banc*). The standard suggested by the concurrence would find that the ends of justice overcame a waiver if the error was clear—"apparent under existing statutory or case law without the necessity of further judicial interpretation and must not have been acquiesced in, either expressly or impliedly, by the complaining party"; substantial—"affect an essential element of the trial"; and material—"important enough to affect the outcome of the trial." Id. at 997-98, 421 S.E.2d at 657-58. Because this Court has never adopted this standard for determining whether the ends of justice exception applies, and is bound by the doctrine of interpanel accord, it declines to do so here.

finds that appellant's second assignment of error is procedurally defaulted and affirms his convictions.

<u>Dismissed in part, affirmed in part.</u>